# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF PAUL, LLC, a California limited liability company; and, FAMILY PRODUCTS, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>OPTIMIZED SOLUTIONS, INC., a Washington corporation; and, FUTURE RANKING, a business entity of unknown form and origin,<br><br>Defendants. | Case No. CV 07-06187 DDP (JWJx)<br><br>[Assigned to the Hon. Dean D. Pregerson, Courtroom 3]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Original Complaint filed:<br>   September 24, 2007 |

The discovery procedures in this case may require disclosure of information, either documentary or testimonial or both, regarded by the producing party as confidential information incorporating proprietary data, know-how, trade secrets, or other valuable commercial or financial information. Accordingly, the parties, by and through their respective attorneys, stipulate and agree to the following terms and conditions, which shall apply to this civil action:

-1-

1.    Any document, tangible item, or testimonial information provided by either party, which that party in good faith contends contains information proprietary to it and is entitled to protection under F.R.C.P. 26(c), may be designated as confidential and, except as permitted by further Order of a Court of competent jurisdiction, or by subsequent written agreement of the producing party, such designated documents, tangible items, or testimonial information shall be received by counsel of record for the party upon the terms and conditions of this Stipulated Protective Order ("this Protective Order").

2.    Documents or tangible items shall be designated confidential within the meaning of this Protective Order in the following ways:

    a.    In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

    b.    In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the pages containing the confidential information the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

    c.    In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

    d.    In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting party, and subject to reimbursement of the reasonable copier costs associated with the production, the producing party shall mark as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

3. With respect to all documents, information, or tangible items produced or furnished by a party during this litigation, which are designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.

4. If, in the course of this proceeding, depositions are conducted that involve confidential information, counsel for the witness or party producing such information may state, on the record, the portion of the deposition which counsel believes may contain confidential information, if such designation is made, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such confidential information in accordance with this Protective Order, and the court reporter. Subject to the terms hereof, CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be disclosed by a receiving party in a deposition, to the extent that its use is necessary, only at the deposition(s) of:

    a. The producing party (if an individual) or the current owners, members or managers of the producing party (if an LLC, corporation or other entity);

    b. an author, addressee, or other person indicated as lawful recipient of a document containing the information;

    c. a person clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information (without prior disclosure of the specific confidential information). Prior to any disclosure under this subparagraph (c), notice must be given to the producing party of the specific information so that it has a fair opportunity to object to the disclosure. Notice may be given at the time of the deposition. The parties agree to cooperate, and, if necessary, to defer any such disclosure, to allow either party to initiate action, by motion or

otherwise, with the Court. The producing party bears the burden of establishing confidentiality;

        d.    an independent advisor, consultant or expert otherwise qualified under this Stipulated Protective Order to receive such information; or

        e.    any person for whom prior authorization is obtained from the producing party or the Court.

Each party shall have until fourteen (14) business days after receipt of the deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) that are to be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. The right to make such designation shall be waived unless made within the fourteen (14) day period, subject to paragraph 11 hereof. Prior to such designation, or expiration of the fourteen (14) day period, the entire deposition transcript shall be deemed ATTORNEYS' EYES ONLY information. Transcripts of testimony, or portions thereof, containing confidential information shall be filed only under seal as described in paragraph 5, until further order of the Court.

If, during the above-described fourteen (14) day designation period, a party wishes to disclose portions of the deposition transcript, the party shall make a written request to opposing counsel. The written request shall identify the portions of the deposition transcript to be disclosed and the person(s) to whom such disclosure is to be made. If no objection is made within three (3) business days of the written request, counsel for the requesting party shall be free to make such disclosure. If objection is made within the three (3) days, then no disclosure shall be made. Any party may bring before the Court the question of whether the requested disclosure may be made.  In the resolution of such matter, the producing party shall have the burden of establishing the need for confidentiality.

5.  Any document, pleading, or tangible item which contains confidential information, if filed or submitted to the Court, shall be filed in a sealed envelope marked "CONFIDENTIAL - NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT" or in such other manner that complies with the federal rules.

6.  Any confidential document, tangible item, or testimonial information produced by any party which contains information proprietary to the producing party and which is particularly sensitive competitive or financial information, may be designated in writing as ATTORNEYS' EYES ONLY. The parties agree to designate information as CONFIDENTIAL or ATTORNEYS' EYES ONLY on a good-faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

7.  Before disclosure of any information subject to this Protective Order is made to any employee, member, manager or other agent of the non-producing party, or to any consultant or expert retained by the non-producing party, or to any witness or prospective witness, counsel for the party disclosing the information shall obtain a written affidavit, in the form attached hereto as an Appendix (the "Confidentiality Undertaking"), from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as confidential is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order.  If the person to whom disclosure is to be made is a consultant or expert engaged by a party in connection with this litigation, the affidavit shall be provided to opposing counsel ten (10) days in advance of the first disclosure of any confidential information to such person. If no objection is made to such person receiving confidential information within such ten (10) day period, then confidential information may be disclosed to such person. If objection is made, then any party may bring before the

Court the question of whether the confidential information may be disclosed to such person. In the resolution of such matter, the producing party shall have the burden of establishing the grounds for objection. All signed affidavits shall be maintained through the conclusion of this action.

8. Except as permitted by further order of this Court or by subsequent written agreement of the producing party, disclosure of ATTORNEYS' EYES ONLY documents or information by a receiving party, including summaries thereof, but not including documents with the confidential portions redacted, shall be limited to:

    a. counsel of record for the parties, and associate attorneys and paralegals and clerical employees assisting such counsel, including any in-house counsel for either party whether or not such counsel appears in the action;

    b. Judges, Magistrates, law clerks, and clerical personnel of the Court before which this action is pending;

    c. consultants or experts, not employees or managers or members of the parties, retained by either of the parties to consult or testify in the case pursuant to paragraph 7 above;

    d. the producing party (if an individual) or the current owners, members or managers of the producing party (if an LLC, corporation or other entity);

    e. authors or drafters of the documents or information; and

    f. third parties, who are not affiliates of or employed by one of the parties, but are specially retained to assist the attorneys of record or a party in copying or computer coding or imaging of documents.

The parties agree that any disclosure under this paragraph shall not be deemed to waive any attorney-client privilege or work product immunity that may exist.

9. Disclosure of information designated as CONFIDENTIAL, including summaries thereof, shall be limited to (a) the persons and entities identified in paragraph

-6-

8; and (b) no more than two (2) employees, managers or members of the non-producing party pursuant to paragraph 7 above.

10. If it becomes necessary for counsel for a party receiving CONFIDENTIAL or ATTORNEYS' EYES ONLY information to seek the assistance of any other person, other than those referred to in paragraphs 8 and 9, such as any employee of the receiving party, and to disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY information to such person in order to properly prepare this litigation for trial, the following procedures shall be employed:

    a. Counsel for the receiving party shall notify, in writing, counsel for the party producing the CONFIDENTIAL or ATTORNEYS' EYES ONLY information of their desire to disclose such CONFIDENTIAL or ATTORNEYS' EYES ONLY information and shall identify the person(s) to whom they intend to make disclosure;

    b. If no objection to such disclosure is made by counsel for the producing party within ten (10) days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, the attached Confidentiality Undertaking, whereby such person agrees to comply with and be bound by this Protective Order.

    c. If the producing party objects to such disclosure, no disclosure shall be made. Any party may bring before the Court the question of whether the particular CONFIDENTIAL or ATTORNEYS' EYES ONLY information can be disclosed to the designated person(s). In the resolution of such matter, the party seeking disclosure shall have the burden of establishing before the Court the reasons why disclosure to the designated person(s) is necessary.

11. If, through inadvertence, a producing party provides any information pursuant to this litigation without marking the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the producing party may subsequently

-7-

inform the receiving party of the CONFIDENTIAL or ATTORNEYS' EYES ONLY nature of the disclosed information, and the receiving party shall treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information upon receipt of written notice from the producing party, to the extent the receiving party has not already disclosed this information.

12. The restrictions set forth in this Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents which would be in violation of this Protective Order. If such public information is designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the receiving party must inform the producing party in writing of the pertinent circumstances rendering the restrictions of this Protective Order inapplicable.

13. No person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL or ATTORNEYS' EYES ONLY information obtained pursuant to pretrial discovery in this action, except for the purpose of this action only and in accordance with any further order issued by the Court.

14. Acceptance by a party of any information, document, or thing designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a concession that the information, document or thing is confidential. Either party may contest a claim of confidentiality. If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, then such dispute may be presented to the Court by either party by motion or otherwise.  In the resolution of such matter, the

party asserting confidentiality shall have the burden of establishing before the Court the confidentiality of the information, document, or thing.

15.  This Protective Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

16.  This Protective Order shall not prevent any party from applying to the Court for relief from it, or from applying to the Court for further or additional protective orders, or from the parties' agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

17.  At the conclusion of this action, including any appeals, all CONFIDENTIAL and ATTORNEYS' EYES ONLY information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the producing attorneys of record, or, at the producing party's option, destroyed by counsel for the receiving party. The provisions of this Protective Order, insofar as it restricts the disclosure, communication of, and use of, CONFIDENTIAL and ATTORNEYS' EYES ONLY information produced hereunder shall continue to be binding after the conclusion of this action.

18.  If discovery is sought of a person not a party to this action ("non-party") requiring disclosure of such non-party's CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the CONFIDENTIAL or ATTORNEYS' EYES ONLY information disclosed by such non-party will be accorded the same protection as the parties' CONFIDENTIAL or ATTORNEYS' EYES ONLY information, and will be subject to the same procedures as those governing disclosure of the parties' CONFIDENTIAL or ATTORNEYS' EYES ONLY information pursuant to this Stipulated Protective Order.

19.  Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation and in the course thereof, relying upon the attorney's examination of CONFIDENTIAL or ATTORNEYS' EYES ONLY information; provided, however, that in rendering such

1  advice and in otherwise communicating with his client, the attorney shall not disclose
2  any CONFIDENTIAL or ATTORNEYS' EYES ONLY information.
3       The foregoing is hereby stipulated by and between counsel.

5  DATED:  December 14, 2007          RUSS, AUGUST & KABAT
                                      Larry C. Russ
6                                     Eric B. Carlson
                                      Robert E. Satterthwaite

                                      By: /s/ Eric B. Carlson _____

                                         Eric B. Carlson
                                         Attorneys for Plaintiffs
                                         Jeff Paul, LLC and Family Products, LLC

13  DATED:  December 14, 2007         HOWREY LLP
                                      Shawn Kennedy

                                       By: /s/ Shawn M. Kennedy _____

                                         Shawn Kennedy
                                         Attorneys for Defendants
                                         Optimized Solutions, Inc. and Future Ranking

# **O R D E R**

Having reviewed the foregoing and based upon the stipulation of the parties, IT IS ORDERED that the Stipulated Protective Order be filed and entered this date.

DATE: January 24, 2008

*/s/ Dean D. Pregerson*

_____
JUDGE, UNITED STATES DISTRICT COURT

# APPENDIX

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF PAUL, LLC, a California limited liability company; and, FAMILY PRODUCTS, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>OPTIMIZED SOLUTIONS, INC., a Washington corporation; and, FUTURE RANKING, a business entity of unknown form and origin,<br><br>Defendants. | Case No. CV 07-06187 DDP (JWJx)<br><br>[Assigned to the Hon. Dean D. Pregerson, Courtroom 3]<br><br>**CONFIDENTIALITY UNDERTAKING**<br><br>Original Complaint filed: September 24, 2007 |

I have read and reviewed in its entirety the annexed Stipulated Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information contained in the Protective Order that I either review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

-12-

DM_US:20871775_1

1  I further agree to submit to the jurisdiction of this Court for the purposes of
2  enforcement of the terms of this Protective Order.

3
4  Dated this __day of _____, 2008

                                                              _____
                                                                        Signature

                                                              _____
                                                                  Typed Name

# **PROOF OF SERVICE**

STATE OF CALIFORNIA  ) 
                     ) ss.:
COUNTY OF ORANGE     )

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 4 Park Plaza, Suite 1700, Irvine, California 92614.

    On December 17, 2007, I served on the interested parties in said action the within: [PROPOSED] STIPULATED PROTECTIVE ORDER by placing a true copy thereof in a sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at Irvine, California.

| | |
|---|---|
| RUSS, AUGUST & KABAT<br>Larry C. Russ<br>Eric B. Carlson<br>Robert E. Satterthwaite<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, California 90025<br><br>Facsimile No.: (310) 826-6991 | Daniel M. Bronski<br>VeriTrademark<br>216 First Avenue South, Suite 210<br>Seattle, WA  98104<br><br>Facsimile No.: (206) 774-0430 |

[X] (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

[ ] (PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the offices of each interested party.

[X] (FACSIMILE) I caused the foregoing document to be served by facsimile transmission to each interested party at the facsimile machine telephone number shown as stated above.

    I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.

    Executed on December 17, 2007, at Irvine, California.

|    Shawn M. Kennedy    |    /s/ Shawn M. Kennedy    |
|:---:|:---:|
| (Type or print name) | (Signature) |

-14-

DM_US:20871775_1